CRAWFORD, Plaintiff-Appellee, v. BACH et, Defendants-Appellants, COLUMBUS & SOUTHERN OHIO ELECTRIC COMPANY AND THE OHIO BELL TELEPHONE COMPANY, Defendants-Appellees.

No. 4500. Decided March 1, 1951.

George S. Crawford, Columbus, for appellee.
Matthew L. Bigger, Clarence L. Corkwell, Columbus, Forrest R. Detrick, Worthington, for appellants.
Porter, Stanley, Treffinger & Platt, Columbus, for defendants-appellees.

By THE COURT.

The appeal is from a judgment of the Common Pleas Court finding upon the issues joined in favor of the plaintiff and against the defendants-appellants and ordering the defendants to remove from plaintiff's property certain utility poles and wires by means of which defendants are trespassing on plaintiff's property.

Appellants set out ten assignments of error. The substantial questions presented are that the judgment is not

supported by and is against the manifest weight of the evidence. Without comment, we hold against the appellants as to all other errors assigned. Although the Electric and Telephone Companies were defendants below they take no part in this appeal, and when we hereinafter mention defendants we refer to defendants, Everett F. Bach and James P. Bach.

The plaintiff held title of record to about 75 acres of land to the north of a 22 foot lane, which lane afforded access, alongside of land owned by McKitrick, to a 10 acre piece owned by defendant, Everett Bach, which piece was to the south of the property line of plaintiff and to the west of McKitrick. In 1928, James F. Bach contracted with the Electric Company and erected poles and strung wires thereon alongside the north line of the lane extending over and onto the land of plaintiff for a distance of about 5 feet. When this construction was done, the land now in the name of plaintiff was owned by Wilbur Mitchell. In 1929, this land was deeded by Mitchell to Day and Hogue; in 1935 by Day and Hogue to Frances Jennings; and in 1947, by Jennings to plaintiff.

In August, 1948, Wilbur Mitchell and wife deeded a five foot strip of land on which the poles were erected to Everett F. Bach. This deed recited that it was intended to carry into effect an oral agreement between James P. Bach and the grantors giving said land to Bach for the purpose of enabling him to erect and maintain said utility poles.

Prior to plaintiff's purchasing the land, she and her husband, having observed the poles, made inquiry respecting them of the then owner, Jennings. George S. Crawford, husband of the plaintiff, testified that upon his information the poles were placed by permission.

Defendants' answer claimed title to the five foot strip of land on which the poles were erected by an oral gift in 1928 to James P. Bach from Wilbur Mitchell, that the grantees were put in possession of the premises and made improvements thereon and since that date had openly held the land.

Appellants contend that the trial judge did not give proper consideration to the testimony of the defendants tending to prove a gift of the land which would take it out of the application of the Statute of Frauds.

Without restating the testimony of Wilbur Mitchell who owned the land in 1928 and his wife, we would say that, if we were weighing their testimony originally, it supports the claim of defendants of an oral gift of the land, with possession taken by the donees and valuable improvements then made by him on the land. This proof would have been suf-

ficient to permit the defendants to hold the five foot strip as against Wilbur Mitchell, and against plaintiff if fully known by her when she acquired the 75 acres. But we may not so hold because of the right of the trial judge to pass upon the credibility of the witnesses, weigh their testimony, and hold otherwise. Many of the circumstances in the case and the uncertainty of the testimony of some of defendants' witnesses justified the trial judge in his conclusion.

We learn from the written decision of the trial judge that he was of opinion that the defendants' use of the land was permissive only and, if we could resort to this opinion, we could say that he did not pass on the second question in the case, as indeed he would not be required to do.

The second question is: What notice did plaintiff have as to the nature of defendants' holding of the five foot strip? This issue was in dispute and must be resolved in favor of the defendants, if they succeed in their defense, as plead. This is true even though it be proved that Bach, as against Mitchell, had been given the strip of land.

The judgment entry is general in terms. There is no separate finding of law and fact. So that we must indulge the inference that all issues necessary to support the judgment were resolved in favor of the plaintiff.

In Gibsonburg Banking Co. v. Wakerman Banking Co., 20 O. C. C. 591, it is held that where a case is tried to the court and taken on error * * * to an appellate court, any fact necessary to sustain the judgment will be presumed to have been found by the trial court if the evidence can be found to support such finding.

In **Scovanner v. Toelke, 119 Oh St 256,** it is held that where no separate findings of law and fact have been made by a trial judge trying a case without the intervention of a jury, a reviewing court will presume that the trial court correctly applied principles of law to the facts. Jennings, plaintiff's immediate predecessor in title, says that he informed plaintiff that the poles were on the strip of land by permission, and George S. Crawford, husband of plaintiff, denies the statement of James Bach that he told plaintiff in the presence of her husband that Mitchell had given him the 5 foot strip. Manifestly, the evidence would support the finding that plaintiff had full reason to believe that the poles were standing in the strip by permission only.

Unless it was proven that the plaintiff had knowledge, or should have known, that the five foot strip was held by the defendants' claiming to own it by gift, such claim could not be successfully asserted against her record title.

We cannot upon the state of the record hold with the appellants upon any error assigned.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

### ON APPLICATION FOR REHEARING

No. 4500.   Decided April 11, 1951.

By THE COURT.

Submitted on application of appellants for rehearing. Our rules do not contemplate the filing of applications for rehearing, but, if the Court has failed to consider some material question or has overlooked some controlling authority or principle of law, we entertain such an application.

An examination of the propositions advanced and argued in the brief with the application is convincing that nothing is presented which we did not fully consider either in the original opinion on the merits in the law appeal or on the motion to dismiss the law and fact appeal.

It is too late to relitigate the question presented and determined in the motion to dismiss the appeal on questions of law and fact, viz., the failure of appellant to file the appeal bond within statutory time.

We adhere to our decision on the merits and are satisfied that we considered all facts material to the law questions presented and properly decided the case upon the record as presented.

The application will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.